UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                    )
BAYSTATE MEDICAL CENTER,            )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )       Civil Action No. 1:06-cv-01263
                                    )
MICHAEL O. LEAVITT, et al.,         )
                                    )
        Defendants.                 )
_____)
```

**ANSWER**

Defendant, Michael O. Leavitt, the Secretary of Health and Human Services (the "Secretary"),[1] and Defendant Jo Anne B. Barnhart, Commissioner of the Social Security Administration, by and through their undersigned counsel, hereby answer Plaintiff's Complaint for Sums Due or for Declaratory and Injunctive Relief Concerning Medicare Payments to a Disproportionate Share Hospital ("Complaint") as follows:

**FIRST DEFENSE**

Insofar as this action is brought against Michael O. Leavitt, it arises solely under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395hhh ("Medicare statute"), and the Court's subject matter jurisdiction is limited to review of any final agency decision that is within the scope of 42 U.S.C. § 1395oo(f)(1).

**SECOND DEFENSE**

Plaintiff's claims for additional reimbursement under the Medicare program are barred on

---

[1] The term "Defendant" used by itself refers to defendant Secretary of Health and Human Services. Defendant Commissioner of the Social Security Administration is referred to herein as "Defendant SSA."

the grounds of estoppel, laches, and waiver.

## THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Defendants answer the numbered paragraphs of the Complaint, using the same numbering contained in the Complaint, as follows:

The three unnumbered paragraphs at the beginning of the Complaint contain Plaintiff's characterization of its action to which no response is required, but insofar as one is deemed required, denied.

In answer to the individually numbered paragraphs of the Complaint, defendants state as follows:

1.  The first sentence contains Plaintiff's characterization and description of the Medicare disproportionate share hospital payment to which no response is required, but insofar as one is deemed required, denied, and the Court is respectfully referred to the statute, 42 U.S.C. § 1395ww(d)(5)(F), for a complete and accurate statement of its contents.  The second sentence is admitted.

2.  This paragraph contains Plaintiff's characterization and description of other federal litigation regarding the Medicare DSH payment to which no response is required, but insofar as one is deemed required, denied, and the Court is respectfully referred to the cases cited for a complete and accurate statement of their contents.

3.  The first sentence is denied.  The second sentence contains Plaintiff's characterization and description of this action and of another federal case to which no response is required.

4.  The first three sentences contain Plaintiff's characterization and description of

Baystate Medical Center v. Thompson to which no response is required, but insofar as one is

deemed required, denied, and the Court is respectfully referred to that case for a complete and

accurate statement of its contents.  The fourth sentence is admitted.

5.  The first sentence is denied.  The second sentence contains Plaintiff's characterization

and description of statements made during the administrative proceedings to which no response

is required, but insofar as a response is deemed required, denied, and Defendants respectfully

refer the Court to the hearing transcript for a complete and accurate statement of its contents.

A.R. 5788-5804.  The third sentence is denied.  The fourth sentence contains Plaintiff's

characterization and description of the PRRB's decision to which no response is required, but

insofar as a response is deemed required, denied, and the Court is respectfully referred to the

PRRB's decision for a complete and accurate statement of its contents.  A.R. 131-72.

6.  The first sentence is denied.  The second sentence contains Plaintiff's characterization

and description of the Medicare statute to which no response is required, but insofar as a

response is deemed required, denied, and the Court is respectfully referred to the cited provision

of the statute for a complete and accurate statement of its contents.  The third sentence contains

Plaintiff's characterization and description of a Federal Register provision to which no response

is required, but insofar as a response is deemed required, denied, and the Court is respectfully

referred to the cited Federal Register provision for a complete and accurate statement of its

contents.

7.  The first sentence is denied.  The second sentence is admitted.  The third sentence is

denied, and Defendant avers that it has provided valid reasons for virtually all alleged data

discrepancies.  The fourth sentence is denied.

8.  The first two sentences are denied.  The third sentence contains Plaintiff's characterization and description of the PRRB's decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB's decision for a complete and accurate statement of its contents.  A.R. 131-72.  The fourth sentence contains Plaintiff's characterization of testimony during the administrative proceedings to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMA Administrator for a complete and accurate statement of its contents.  The remainder of the paragraph is denied.

9.  The first sentence is denied except to admit that the PRRB's decision was unanimous. The remainder of this paragraph contains Plaintiff's characterization and descriptions of the PRRB's decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.  A.R. 131-72.

10.  The first four sentences contain Plaintiff's characterization and description of the CMS Administrator's decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the Administrator's decision for a complete and accurate statement of its contents.  A.R. 2-56.  The fifth sentence is denied.

11.  The first sentence contains conclusions of law to which no response is required, but insofar as a response is deemed required, denied.  The second sentence is denied.  The third sentence contains Plaintiff's characterization and description of In Re Medicare Reimbursement Litigation to which no response is required, but insofar as a response is deemed required, denied,

and the Court is respectfully referred to that case for a complete and accurate statement of its contents. The fourth sentence contains conclusions of law to which no response is required, but insofar as a response is deemed required, denied.

12. The first sentence is denied. The second sentence contains Plaintiff's characterization and description of the CMS Administrator's decision, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision for a complete and accurate statement of its contents. A.R. 2-56. The third sentence contains conclusions of law to which no response is required, but insofar as a response is deemed required, denied. The fourth and fifth sentences contain conclusions of law to which no response is required, but insofar as a response is deemed required, denied.

13. The first two sentences are denied. The third sentence is denied except to admit that records were sought during the administrative proceedings. The fourth sentence is denied.

14. Admitted.

15. The first two sentences are admitted. The third and fourth sentences contain Plaintiff's characterization and description of its action and the Complaint to which no response is required.

16. Admitted.

17. The first sentence is admitted. The second sentence contains Plaintiff's characterization of its action and the Complaint to which no response is required.

18. The first two sentences are admitted. The third and fourth sentences contain Plaintiff's characterization and description of its action and the Complaint to which no response is required.

19. Denied, except to admit that the Court's subject matter jurisdiction obtains solely under the Medicare statute, and is limited to review of any final agency decision that is within the scope of 42 U.S.C. § 1395oo(f)(1).

20. Denied, except to admit that this action arises under the Medicare statute, 42 U.S.C. §§ 1395-1395hhh, and the Administrative Procedure Act.

21. Admitted.

22-23. These paragraphs contain Plaintiff's characterization and description of the Medicare statute and regulations to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited provisions of the statute and regulations for a complete and accurate statement of their contents.

24. The first sentence contains Plaintiff's characterization and description of the Medicare statute regarding the role of fiscal intermediaries to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited provision of the statute for a full and accurate statement of its contents. The second sentence contains Plaintiff's characterization and description of the regulations governing cost reports and Notices of Program Reimbursement ("NPR") as they relate to Medicare reimbursement, 42 C.F.R. §§ 405.1803, 413.20, 413.60, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the regulations for a complete and accurate statement of their contents regarding the cost report and NPR process.

25. Denied, and it is averred that, for the years at issue, the fiscal intermediary issued the NPRs for Plaintiff approximately two years after the close of Plaintiff's fiscal year and between

-6-

seventeen months and twenty months after Plaintiff filed its cost report.

26-28.  These paragraphs contain Plaintiff's characterization and description of the Medicare statute and regulations regarding the administrative appeals process to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited statutory and regulatory provisions for a complete and accurate statement of their contents.

29.  The first and third sentences contain Plaintiff's characterization and description of the Medicare regulations regarding the reopening of NPRs, 42 C.F.R. § 405.1885, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the regulations for a complete and accurate statement of their contents. The second sentence is denied.

30-31.  These paragraphs contain Plaintiff's characterization and description of the Medicare statute  regarding hospital payment, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited statutory provisions for a complete and accurate statement of their contents.

32.  This paragraph contains Plaintiff's characterization and description of certain Congressional action regarding Medicare reimbursement, and a quotation from <u>Samaritan Health Ctr. v. Heckler</u>, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to that decision for a complete and accurate statement of its contents.

33.  This paragraph contains Plaintiff's characterization and description of H. Rep. No. 99-241, to which no response is required, but insofar as a response is deemed required, denied,

and the Court is respectfully referred to the House Report for a complete and accurate statement of its contents.

34. The first sentence contains Plaintiff's characterization and description of 48 Fed. Reg. 39,783 (1983), to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to that Federal Register provision for a complete and accurate statement of its contents. The second sentence contains Plaintiff's characterization and description of the Deficit Reduction Act of 1984, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to that statute for a complete and accurate statement of its contents. The third sentence contains Plaintiff's characterization and description of Samaritan Health Ctr. v. Heckler, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to that case for a complete and accurate statement of its contents. The fourth sentence contains Plaintiff's characterization and description of 50 Fed. Reg. 53,398-53,400 (1985), to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to that Federal Register provision for a complete and accurate statement of its contents. The fifth sentence contains Plaintiff's characterization and description of Samaritan Health Ctr. v. Heckler, and Samaritan Health Ctr. v. Bowen, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to those cases for a complete and accurate statement of their contents.

35. The first sentence contains Plaintiff's characterization and description of Samaritan Health Ctr. v. Bowen, and the Consolidated Omnibus Budget Reconciliation Act of 1985, to

which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to that case and statute for a complete and accurate statement of their contents. The second sentence contains Plaintiff's characterization and description of certain Congressional reports, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited reports for a complete and accurate statement of their contents.

36-38. These paragraphs contain Plaintiff's characterization and description of the Medicare statute and regulations regarding the disproportionate patient percentage, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited statutory and regulatory provisions for a complete and accurate statement of their contents.

39. This paragraph contains Plaintiff's characterization and description of the Medicare statute regarding the Medicaid fraction to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited statute for a complete and accurate statement of its contents.

40. This paragraph contains Plaintiff's characterization and description of the Medicare regulation regarding the Medicaid fraction to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited regulation for a complete and accurate statement of its contents.

41. This paragraph contains Plaintiff's characterization and description of the Medicare regulation regarding the Medicaid fraction and testimony from the administrative proceedings to which no response is required, but insofar as a response is deemed required, denied, and the

Court is respectfully referred to the administrative transcript, A.R. 5503, and the cited regulation for a complete and accurate statement of their contents.

42. The first sentence contains Plaintiff's characterization and description of 51 Fed. Reg. 31454, 31460-61 (Sept. 3, 1986), to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to that provision of the Federal Register for a complete and accurate statement of its contents.   The remainder of this paragraph contains Plaintiff's characterization and description of other Federal litigation to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited cases for a complete and accurate statement of their contents.

43. The first sentence contains Plaintiff's characterization of its action to which no response is required.  The second sentence contains plaintiff's characterization and description of a Medicare statute to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited statute for a complete and accurate statement of its contents.

44. This paragraph contains Plaintiff's characterization and description of the SSI program, part of the Social Security Act, to which no response is required, but insofar as a response is deemed required, denied, and Defendant respectfully refers the cited statutory provisions of the Social Security Act  for a complete and accurate statement of their contents.

45. Admitted.

46. The first two sentences contain Plaintiff's characterization and description of the Medicare regulations and certain Federal Register documents to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the

cited regulations and Federal Register provisions for a complete and accurate statement of their contents. The third sentence contains a conclusion of law to which no response is required, but insofar as a response is deemed required, denied.

47. The first sentence is admitted. The second sentence is denied, except to admit that the parties stipulated before the PRRB that "[a]side from sending claims to the Intermediary, a provider has no input into the calculation of the SSI fraction." A.R. 4559.

48. This paragraph contains a conclusion of law to which no response is required, but insofar as a response is deemed required, denied.

49. This paragraph contains a conclusion of law and Plaintiff's characterization and description of a Federal Register provision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited Federal Register provision for a complete and accurate statement of its contents.

50. The first sentence is denied except to admit that the Secretary uses inpatient hospital stay records and SSI entitlement data to determine the SSI fraction. The second sentence is denied, and Defendant avers that the Secretary performs a quarterly "match" of inpatient hospital stay records with SSI data. The third sentence is denied except to admit that the larger the numerator of a hospital's SSI fraction, the greater the DSH payment to that hospital.

51. The first sentence is denied. The second sentence contains Plaintiff's characterization and description of a Medicare regulation to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited regulation for a complete and accurate statement of its contents.

52. The first sentence is denied except to admit that CMS received SSI data through the

end of March of the following year from SSA and used Medicare inpatient hospital stay records updated through the end of June of the following year. The second sentence is denied, and Defendant avers that the match for a given fiscal year occurs in July of the following year based on data through the end of June of that (following) year.

53. Admitted.

54. The first sentence is denied. The second, third and fourth sentences contain Plaintiff's characterization and description of testimony at the administrative hearing and of discovery responses to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited testimony and discovery responses for a complete and accurate statement of their contents. The fifth and sixth sentences are denied, and Defendant avers that the alleged calculations were never performed.

55. Denied.

56. Admitted.

57. This paragraph contains Plaintiff's characterization and description of testimony during the administrative proceedings to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited testimony for a complete and accurate statement of its contents.

58. Denied, except to admit that Defendant SSA gave data to CMS in 1995.

59. The first and second sentences are denied, except to admit that Defendant SSA gave data to CMS in 1995, and Defendant avers that no recalculations were performed. The third sentence contains Plaintiff's characterization and description of CMS's discovery responses to which no response is required, but insofar as a response is deemed required, denied, and the

Court is respectfully referred to the cited CMS discovery responses for a complete and accurate statement of their contents.

60. The first sentence is denied except to admit that individuals who are eligible for SSI benefits under section 1619(b) of the Social Security Act, but do not receive SSI, were not included in the SSI fraction, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that individuals who received manual payments were not included in the SSI fraction. The second sentence is denied insofar as it alleges that there were "problems" that "contaminated" the calculations.

61. This paragraph contains Plaintiff's characterization and description of CMS's discovery responses to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited CMS discovery responses for a complete and accurate statement of their contents.

62. Denied.

63. This paragraph contains Plaintiff's characterization and description of administrative subpoenas issued to CMS by the PRRB and CMS's responses thereto, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited subpoenas and responses for a complete and accurate statement of their contents. A.R. 7105-07; 7230-33; 7235-38.

64. Denied.

65. Admitted.

66. This paragraph contains Plaintiff's characterization and description of testimony during the administrative proceedings and the PRRB decision to which no response is required,

but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision and the testimony for a complete and accurate statement of their contents. A.R. 155 (PRRB Decision); A.R. 5429 (Pfeil testimony); A.R. 5582 (Rosenberg testimony).

67. Denied, except to admit that Defendant SSA gave data to CMS in 1996, and it is averred that no recalculation or recomputation of the SSI fraction was performed.

68. As to the first sentence, it is admitted that the SSI data that CMS received from SSA in 1996 included inactive or "stale" SSI entitlement records, but Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remainder of the first sentence. The second sentence is admitted. The third and fourth sentences are denied, and Defendant avers that no recalculations were performed. The fifth sentence contains Plaintiff's characterization and description of CMS's discovery responses to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited CMS discovery responses for a complete and accurate statement of their contents.

69. Denied, except to admit that individuals who are eligible for SSI benefits under section 1619(b) of the Social Security Act, but do not receive SSI, were not included in the SSI fraction, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that individuals who received manual payments were not included in the SSI fraction.

70. This paragraph contains Plaintiff's characterization and description of CMS's discovery responses to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited CMS discovery responses for a complete and accurate statement of their contents.

71.   Denied.

72.   This paragraph contains Plaintiff's characterization and description of an unidentified administrative subpoena issued to CMS by the PRRB and CMS's response thereto, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the subpoenas and CMS responses thereto for a complete and accurate statement of their contents.  For subpoenas, see A.R. 1201-04; 1206-09; 7105-07; 7230-33; 7235-38; for responses, see, e.g., A.R. at 978-1009; 1239-41; 1270-71; 1278-83; 1310-68; 1397-98; 1504-07.

73.   Denied.

74.   Admitted.

75.   Denied.

76.   The first and second sentences are denied, except to admit that Defendant SSA gave data to CMS in 1997, and Defendant avers that no recalculations were performed.  The third sentence contains Plaintiff's characterization and description of CMS's discovery responses, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited CMS discovery responses for a complete and accurate statement of their contents.

77.   Denied, except to admit that individuals who are eligible for SSI benefits under section 1619(b) of the Social Security Act, but do not receive SSI, were not included in the SSI fraction, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that individuals who received manual payments were not included in the SSI fraction.

78. This paragraph contains Plaintiff's characterization and description of CMS's discovery responses to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited CMS discovery responses for a complete and accurate statement of their contents.

79. Denied.

80-81. These paragraphs contain Plaintiff's characterization and description of CMS's discovery responses to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited CMS discovery responses for a complete and accurate statement of their contents.

82. Denied.

83. Admitted.

84. Denied.

85. The first and second sentences are denied, except to admit that Defendant SSA gave data to CMS in 1998, and Defendant avers that no recalculations were performed. The third sentence contains Plaintiff's characterization and description of CMS's discovery responses to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited CMS discovery responses for a complete and accurate statement of their contents.

86. Denied, except to admit that individuals who are eligible for SSI benefits under section 1619(b) of the Social Security Act, but do not receive SSI, were not included in the SSI fraction, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that individuals who received manual payments were not included in

-16-

the SSI fraction.

87.  Denied.

88-89.  These paragraphs contain Plaintiff's characterization and description of CMS's

discovery responses to which no response is required, but insofar as a response is deemed

required, denied, and the Court is respectfully referred to the cited CMS discovery responses for

a complete and accurate statement of their contents.

90.  This paragraph contains Plaintiff's characterization and description of an unidentified

administrative subpoena issued to CMS by the PRRB and CMS's response thereto, to which no

response is required, but insofar as a response is deemed required, denied, and the Court is

respectfully referred to the subpoenas and CMS responses thereto for a complete and accurate

statement of their contents.  For subpoenas, see A.R. 1201-04; 1206-09; 7105-07; 7230-33;

7235-38; for responses, see, e.g., A.R. at 978-1009; 1239-41; 1270-71; 1278-83; 1310-68; 1397-

98; 1504-07.

91.  The first sentence contains Plaintiff's characterization and description of actions of

the PRRB to which no response is required, but insofar as a response is deemed required, denied,

and the Court is respectfully referred to the administrative record of the proceedings below for a

complete and accurate statement of the PRRB's actions.  The second sentence is denied.  As to

the third sentence, Defendant SSA admits that Pat Cribbs was formerly employed at SSA, and

that she testified at a hearing in which a Baystate matter was discussed.  The remainder of the

third sentence, and the fourth and fifth sentences contain Plaintiff's characterization and

description of testimony during the administrative proceedings to which no response is required,

but insofar as a response is deemed required, denied, and the Court is respectfully referred to the

transcripts of the evidentiary and merits hearings for a complete and accurate statement of their contents.

92.  This paragraph contains Plaintiff's characterization and description of the PRRB's decision, and other publications, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB's decision and the other cited publications for a complete and accurate statement of their contents.  A.R. 131-73.

93.  The first sentence contains Plaintiff's characterization and description of PRRB subpoenas issued to SSA to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the February 7, 2002 and June 5, 2003 subpoenas to SSA for a complete and accurate statement of their contents.  A.R. 7059-60; 1985-87.  The second sentence contains Plaintiff's conjecture as to what it might be able to show, to which no response is required.  The third sentence contains Plaintiff's characterization and description of actions taken by Plaintiff and CMS to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the administrative record for a complete and accurate statement of the proceedings.

94.  The characterizations and descriptions in the first sentence are denied, except it is admitted that the PRRB held a three-day evidentiary hearing in the Spring of 2003 and a six-day hearing on the merits in September 2004.  The second sentence is denied, and Defendant avers that the record before the PRRB includes testimony from 15 witnesses (including 10 current or former Federal government employees) and that the documentary exhibits are voluminous.

95.  The first sentence is admitted.  The remainder of this paragraph contains Plaintiff's characterization and description of the PRRB's decision to which no response is required, but

insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB's decision for a complete and accurate statement of its contents.  A.R. 131-73.

96.  The first sentence is denied, except to admit that the CMS Administrator signed his decision on May 11, 2006, sent it to the Hospital's counsel on May 17, 2006, and it was received by the Hospital's counsel on May 18, 2006.  The remainder of this paragraph contains Plaintiff's characterization and description of a the Administrator's decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the Administrator's decision for a complete and accurate statement of its contents.  A.R. 2-56.

97-99.  These paragraphs contain Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB's decision for a complete and accurate statement of its contents.  A.R. 131-73.

100-101.  These paragraphs contain Plaintiff's characterization and description of the Administrator's decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the Administrator's decision for a complete and accurate statement of its contents.  A.R. 2-56.

102.  The first, third, and fourth sentences are denied.  The second sentence is admitted.

103.  The first sentence contains Plaintiff's characterization and description of the PRRB decision to which no response is required.  The second and third sentences contain Plaintiff's characterization and description of the PRRB decision and the Complaint, to which no response is required.  Insofar as a response is deemed required, the paragraph is denied, and the Court is

respectfully referred to the PRRB decision and the Complaint for a complete and accurate statement of their contents.

104.  This paragraph contains Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the CMS Administrator's decision for a complete and accurate statement of its contents.

105.  The first sentence contains Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the CMS Administrator's decision for a complete and accurate statement of its contents.  The second sentence is denied, except to admit that quantification of any financial impact would require access to records that only CMS and SSA possess.

106.  This paragraph contains Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the CMS Administrator's decision for a complete and accurate statement of its contents.

107.  This paragraph contains Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

108.  The first sentence contains Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied,

-20-

and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents. The second and third sentences are admitted, and Defendant avers that Pat Cribbs took over preparation of the annual SSI eligibility tapes for CMS in about 1988 or 1989. The fourth sentence contains Plaintiff's characterization and description of the administrative proceedings to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the administrative record for a complete and accurate statement of its contents. The fifth sentence contains Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the CMS Administrator's decision for a complete and accurate statement of its contents.

109-110. These paragraphs contain Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

111. The first and second sentences contain Plaintiff's characterization and description of testimony at the administrative hearing to which no response is required, but insofar as a response is deemed required, denied, except to admit that Pat Cribbs testified before the PRRB, and the Court is respectfully referred to the administrative hearing transcript for a complete and accurate statement of its contents. Defendant SSA is without knowledge or information sufficient to form a belief as to the allegations in the third sentence, and it is averred that the additional workload would have been an additional burden but would not have been unduly burdensome.

112.  This paragraph contains Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the CMS Administrator's decision for a complete and accurate statement of its contents.

113-114.  These paragraphs contain Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

115.  The first sentence contains Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.  The second sentence contains Plaintiff's characterization and description of the PRRB decision and testimony at the administrative hearing, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and the hearing transcript for a complete and accurate statement of their contents.

116-117.  These paragraphs contain Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

118-119.  These paragraphs contain Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the CMS Administrator's

decision for a complete and accurate statement of its contents.

120.  This paragraph contains Plaintiff's characterization and description of the PRRB decision and not averments of fact to which a response is required; the Court is respectfully referred to the PRRB decision for a full and accurate statement of its contents.

121.  This paragraph contains Plaintiff's characterization and description of the PRRB decision and the administrative record, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and the administrative record for a complete and accurate statement of their contents.

122.  This paragraph contains Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

123.  This paragraph contains Plaintiff's characterization and description of the PRRB decision and testimony at the administrative hearing, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and the hearing transcript for a complete and accurate statement of their contents.

124.  This paragraph contains Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

125.  The first sentence contains Plaintiff's characterization and description of the PRRB decision and the administrative record, to which no response is required, but insofar as a

response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and the administrative record for a complete and accurate statement of their contents. The second sentence is denied, except to admit that, other things being equal, the lower the numerator of the SSI fraction, the lower the SSI fraction and (if the hospital qualifies for a Medicare DSH adjustment) the lower the Medicare DSH adjustment.

126. This paragraph contains Plaintiff's characterization and description of the PRRB decision and testimony at the administrative hearing, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and the hearing transcript for a complete and accurate statement of their contents.

127. This paragraph contains Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

128. This paragraph contains Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision, the cited regulations, and the cited Federal Register documents for a complete and accurate statement of their contents.

129-131. These paragraphs contain Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

132. The first sentence contains Plaintiff's characterization and description of the PRRB

decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents. The second sentence is denied, except to admit that imperfect matching of records might produce an imperfect calculation of the SSI fraction and the Medicare DSH payment.

133.  This paragraph contains Plaintiff's characterization of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents.

134-137.  These paragraphs contain Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

138.  This paragraph contains Plaintiff's characterization and description of the PRRB decision and the administrative record, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and the administrative record for a complete and accurate statement of their contents.

139.  This paragraph contains Plaintiff's characterization and description of the PRRB decision and testimony at the administrative hearing, to which no response is required, but insofar as a response is deemed required, admitted.

140.  This paragraph contains Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator

for a complete and accurate statement of its contents.

141. This paragraph contains Plaintiff's characterization and description of the decision of the CMS Administrator, the PRRB decision, testimony at the administrative hearing, and the Complaint, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator, the PRRB decision, the hearing transcript, and the Complaint for a complete and accurate statement of their contents.

142. This paragraph contains Plaintiff's characterization and description of the PRRB decision and testimony at the administrative hearing, to which no response is required, but insofar as a response is deemed required, admitted.

143. These paragraphs contain Plaintiff's characterization and description of the PRRB decision and testimony at the administrative hearing, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and hearing transcript for a complete and accurate statement of their contents.

144. This paragraph contains Plaintiff's characterization and description of the PRRB decision and testimony at the administrative hearing, to which no response is required, but insofar as a response is deemed required, admitted.

145. This paragraph contains Plaintiff's characterization of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents.

146-150. These paragraphs contain Plaintiff's characterization and description of the

PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

151-152.  These paragraphs contain Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents.

153-154.  These paragraphs contain Plaintiff's characterization and description of the decision of the CMS Administrator, a Federal Register document, and the administrative record, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the referenced documents for a complete and accurate statement of their contents.

155-159.  These paragraphs contain Plaintiff's characterization and description of the PRRB decision and testimony at the administrative hearing, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and the hearing transcript for a complete and accurate statement of their contents.

160.  Defendant admits that Plaintiff Hospital submitted a pre-hearing brief; the remainder of this paragraph contains Plaintiff's characterization and description of its pre-hearing brief to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to Plaintiff's pre-hearing brief for a complete and accurate statement of its contents.  A.R. 393-478.

161-167.  These paragraphs contain Plaintiff's characterization and description of the

-27-

PRRB decision and testimony at the administrative hearing, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and hearing transcript for a complete and accurate statement of their contents.

168-169.  These paragraphs contain Plaintiff's characterization and description of the decision of the CMS Administrator, the PRRB decision, and testimony at the administrative hearing, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator, the PRRB decision, and the hearing transcript for a complete and accurate statement of their contents.

170.  This paragraph contains Plaintiff's characterization and description of the decision of the CMS Administrator, the PRRB decision, and CMS's discovery responses, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator, the PRRB decision, and CMS's discovery responses for a complete and accurate statement of their contents.

171.  This paragraph contains Plaintiff's characterization and description of the PRRB decision and CMS's discovery responses, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and CMS's discovery responses for a complete and accurate statement of their contents.

172.  Admitted.

173.  This paragraph contains Plaintiff's characterization and description of the PRRB decision and testimony at the administrative hearing, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and the hearing transcript for a complete and accurate statement of their contents.

174-175.  These paragraphs contain Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

176.  This paragraph contains Plaintiff's characterization and description of the decision of the CMS Administrator and the Complaint, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator and the Complaint for a complete and accurate statement of their contents.

177.  This paragraph contains Plaintiff's characterization and description of the PRRB decision and testimony at the administrative hearing, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and the hearing transcript for a complete and accurate statement of their contents.

178-180.  These paragraphs contain Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

181-183.  These paragraphs contain Plaintiff's characterization and description of the PRRB decision and testimony at the administrative hearing, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and the hearing transcript for a complete and accurate statement of their contents.

184.  This paragraph contains Plaintiff's characterization and description of the PRRB decision and the administrative record, to which no response is required, but insofar as a

response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and the administrative record hearing transcript for a complete and accurate statement of their contents.

185.  This paragraph contains Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, admitted.

186.  This paragraph contains Plaintiff's characterization and description of the PRRB decision and testimony at the administrative hearing, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and the hearing transcript for a complete and accurate statement of their contents.

187-191.  These paragraphs contain Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

192-193.  These paragraphs contain Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents.

194.  The first sentence is denied.  The second sentence contains Plaintiff's characterization and description of the Complaint and testimony at the administrative hearing, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the Complaint and the hearing transcript for a complete and accurate statement of their contents.

195-196. Denied.

197. The first and second sentences are denied. The third sentence is denied, except to admit that .15% x 5 = .75%. The fourth sentence contains Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

198. The first sentence is admitted. The second sentence is denied, except to admit that the application of a .75 percent hypothetical error rate to 229,581 Medicare patient days would result in the addition of approximately 1,722 Medicare/SSI days to the numerators of the Plaintiff's SSI fractions for the fiscal years at issue.

199. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

200. Denied except to admits that 20,913 divided by 250,944 equals .08334, and that (20,913 + 1,722) divided by 250,944 equals 0.09020.

201. The Secretary lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

202-204. Denied.

205-206. These paragraphs contain Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision transcript for a complete and accurate statement of its contents.

207. This paragraph contain Plaintiff's characterization and description of testimony at

-31-

the administrative hearing to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the hearing transcript for a complete and accurate statement of its contents.

208.  The first, second, third, and fourth sentences contain Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.  The fifth sentence contains speculation and conjecture by Plaintiff to which no response is required, but insofar as a response is deemed required, denied.

209.  This paragraph contains Plaintiff's characterization and description of the PRRB decision, the administrative record, and testimony at the administrative hearing, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision, the administrative record, and the hearing transcript for a complete and accurate statement of their contents.

210-212.  These paragraphs contain Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

213.  The first sentence contains Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents. The second sentence is denied.

214.  This paragraph contains Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

215.  This paragraph contains Plaintiff's characterization and description of the PRRB decision, the administrative discovery proceedings, and the administrative record, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and the administrative record for a complete and accurate statement of their contents.

216.  This paragraph contains Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

217.  Defendant admits only that Anne Tayloe was a staff analyst dealing with Medicare DSH policy matters during time periods at issue in this case.  The remainder of this paragraph contains Plaintiff's characterization and description of the PRRB decision and testimony at the administrative hearing, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and the hearing transcript for a complete and accurate statement of their contents.

218.  This paragraph contains Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement

of its contents.

219.  This paragraph contains Plaintiff's characterization and description of the decision of the CMS Administrator and the Complaint, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator and the Complaint for a complete and accurate statement of their contents.

220.  This paragraph contains Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents.

221.  Denied.

222.  The first sentence contains Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents. The second and third sentences contain Plaintiff's characterization and description of CMS summary reports to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the summary reports for a complete and accurate statement of their contents.  A.R. 2080-2082; see also A.R. 45.

223.  The first sentence contains Plaintiff's characterization of the decision of the CMS Administrator and the financial impact of errors alleged by Plaintiff to which no response is required, but insofar as a response is deemed required, the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents.  The

second sentence is denied, except to admit that for Federal fiscal years 1993 and 1994, the national average length of stay for Medicare inpatients was approximately 7 days per stay. The third and fourth sentences contain Plaintiff's legal theories to which no response is required, but insofar as a response is deemed required: The third sentence is denied, except to admit that 3.5 x 7 x 830 = 20,335, and that 20,335 x 2 = 40,670. The fourth sentence is denied, except to admit that 2000 x 20,335 = approximately 40.6 million, and that 40.6 million x 2 = approximately 81.3 million.

224. This paragraph contains conclusions of law and Plaintiff's legal theories and characterizations of the PRRB decision to which no response is required, but insofar as a response is deemed required: The first sentence is denied, except to admit that 3.5 x 2 x 7 = 49. The second sentence is denied. The third sentence is denied, except to admit that .5 divided by 4.03 x 200 million = approximately 25 million.

225. The first sentence is denied. The second sentence contains Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents. The third sentence contains Plaintiff's characterization and description of the PRRB decision and the administrative hearing, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and the hearing transcript for a complete and accurate statement of their contents.

226. This paragraph contains Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed

-35-

required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents.

227.  Denied, and it is averred that the Secretary has expended substantial audit and enforcement resources to ensure appropriate Medicare DSH payments to hospitals.

228-229.  These paragraphs contain conclusions of law to which no response is required.

230-233.  These paragraphs contain Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

234.  This paragraph contains Plaintiff's characterization and description of the decision of the CMS Administrator, the PRRB decision, and the Complaint, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator, the PRRB decision, and the Complaint for a complete and accurate statement of their contents.

235-236.  These paragraphs contain Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents.

237.  Denied.

238.  This paragraph contains conclusions of law and Plaintiff's legal theories to which no response is required, but insofar as a response is deemed required, denied, except to admit that one fifth of 400-700 million is 80-140 million.

239-240.  These paragraphs contain conclusions of law to which no response is required.

241.  This paragraph contains Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB for a complete and accurate statement of its contents.

242.  This paragraph contains Plaintiff's characterization and description of the PRRB decision and the administrative record, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and the administrative record for a complete and accurate statement of their contents.

243-247.  These paragraphs contain Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

248.  The allegations regarding CMS's use of data are denied; the remainder of this paragraph contains Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

249.  This paragraph contains Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

250.  This paragraph contains Plaintiff's characterization and description of the decision

of the CMS Administrator, the PRRB decision, and the Complaint, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator, the PRRB decision, and the Complaint for a complete and accurate statement of their contents.

251-252.  These paragraphs contain Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents.

253.  Denied, but to the extent this paragraph contains Plaintiff's characterization and description of the decision of the CMS Administrator and a Federal Register document, no response is required, and the Court is respectfully referred to the decision of the CMS Administrator and the cited Federal Register document for a complete and accurate statement of their contents.

254.  This paragraph contains Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents.

255.  Denied.

256.  This paragraph contains conclusions of law and Plaintiff's legal theories to which no response is required, but insofar as a response is deemed required, denied.

257-258.  These paragraphs contain conclusions of law to which no response is required.

259-260.  These paragraphs contain Plaintiff's characterization and description of the

PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

261.  This paragraph contains Plaintiff's characterization and description of the decision of the CMS Administrator, the PRRB decision, and the Complaint, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator, the PRRB decision, and the Complaint for a complete and accurate statement of their contents.

262.  This paragraph contains conclusions of law to which no response is required, and the Court is respectfully referred to the PRRB decision and the cited provisions of the statute and regulations for a complete and accurate statement of their contents.

263-264.  These paragraphs contain Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

265.  This paragraph contains Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents.

266-267.  Denied.

268.  This paragraph contains Plaintiff's legal conclusions and characterization and description of the PRRB decision to which no response is required, but insofar as a response is

deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

269.  This paragraph contains Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents.

270.  Denied.

271.  This paragraph contains Plaintiff's characterization and description of the PRRB decision and testimony at the administrative hearing, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and the hearing transcript for a complete and accurate statement of their contents.

272.  This paragraph contains Plaintiff's characterization and description of reports by the Office of the Inspector General, HHS, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited reports for a complete and accurate statement of their contents.

273-274.  These paragraphs contain conclusions of law to which no response is required.

275.  The first sentence contains Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.  The second sentence contains Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS

Administrator for a complete and accurate statement of its contents.

276. The first sentence contains Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents. The second sentence contains conclusions of law and Plaintiff's characterization and description of the decision of the CMS Administrator and the administrative record, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator and the administrative record for a complete and accurate statement of their contents.

277. The first sentence contains Plaintiff's characterization and description of the PRRB decision to which no response is required. The second sentence contains Plaintiff's characterization and description of the PRRB decision and the administrative record, to which no response is required. Insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and the administrative record for a complete and accurate statement of their contents.

278-282. These paragraphs contain Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

283. The first two sentences contain Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate

-41-

statement of its contents. The third sentence is denied.

284.  This paragraph contains Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

285.  This paragraph contains Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents.

286.  The first sentence contains Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents.  The second sentence contains Plaintiff's characterization and description of the Complaint and the administrative record, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the Complaint and the administrative record for a complete and accurate statement of their contents.  The third sentence contains Plaintiff's speculation to which no response is required.

287.  This paragraph contains Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents.

-42-

288.  The first and second sentences contain Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents.  The third sentence is denied, and Defendant avers that Plaintiff elected to review only 1994 and 1995, and Plaintiff decided not to attempt to reconcile 1993 or 1996.  The fourth and fifth sentences are denied.  The sixth sentence contains Plaintiff's speculation to which no response is required.  The seventh sentence contains Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents.

289.  This paragraph contains Plaintiff's characterization and description of the PRRB decision and the decision of the CMS Administrator, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and the decision of the CMS Administrator for a complete and accurate statement of their contents.

290.  This paragraph contains Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

291-293.  It is admitted that Plaintiff Hospital sent a letter dated April 3, 2006, to the PRRB; the remainder of these paragraphs contain conclusions of law and Plaintiff's

-43-

characterization and description of the April 3, 2006 letter, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the letter for a complete and accurate statement of its contents.  A.R. 106-21.

294.  It is admitted that Plaintiff Hospital sent a letter dated April 24, 2006, to CMS's Office of the Attorney Advisor; the remainder of the first sentence contains Plaintiff's characterization and description of the April 24, 2006 letter, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the letter for a complete and accurate statement of its contents.  A.R. 79-88.  The second sentence contains Plaintiff's characterization and description of the decision of the CMS Administrator and the Complaint, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator and the Complaint for a complete and accurate statement of their contents.

295-296.  These paragraphs contain Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents.

297.  This paragraph contains Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

298.  This paragraph contains conclusions of law and Plaintiff's characterization and description of the PRRB decision, the administrative record, and testimony at the administrative

hearing, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision, the administrative record, and the hearing transcript for a complete and accurate statement of their contents.

299.  This paragraph contains Plaintiff's characterization and description of its April 3, 2006 letter to the PRRB, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the letter for a complete and accurate statement of its contents.  A.R. 106-21.

300.  This paragraph contains Plaintiff's characterization and description of the decision of the CMS Administrator and the Complaint, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator and the Complaint for a complete and accurate statement of their contents.

301.  This paragraph contains Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents.

302.  This paragraph contains conclusions of law to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator and the cited regulation and manual provisions for a complete and accurate statement of their contents.

303.  Denied.

304.  The first sentence contains Plaintiff's characterization and description of PRRB administrative subpoenas issued to CMS in 2000 to which no response is required, but insofar as

a response is deemed required, denied, and the Court is respectfully referred to the PRRB administrative subpoenas for a complete and accurate statement of their contents.  A.R. 7230-33; 7235-38.  The second sentence contains Plaintiff's characterization and description of a civil action it brought against the Secretary in 2000 to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the Plaintiff's Complaint in that litigation for a complete and accurate statement of its contents.  A.R. 519-29.

305.  The first sentence is denied, except to admit that the court granted three enlargements, filed by one or both of the parties, for the Secretary to respond to the Complaint. The second and third sentences contain Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

306.  This paragraph contains Plaintiff's characterization and description of a motion to dismiss filed by Defendant in prior litigation, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the motion for a complete and accurate statement of its contents.  A.R. 580-94.

307.  This paragraph contains Plaintiff's characterization of a declaration of CMS employee Robyn Thomas, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the declaration for a complete and accurate statement of its contents. which speaks for itself.  A.R. 1273-76.

308.  This paragraph contains Plaintiff's characterization and description of its Response to Defendant's Motion to Dismiss in prior litigation, to which no response is required, but insofar

as a response is deemed required, denied, and the Court is respectfully referred to the Response for a complete and accurate statement of its contents. which speaks for itself.  A.R. 678-83.

309.  This paragraph contains Plaintiff's characterization and description of the Secretary's reply memorandum in prior litigation, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the reply memorandum for a complete and accurate statement of its contents. A.R. 685-90.

310.  This paragraph contains Plaintiff's characterization of the Memorandum Opinion of the court in prior litigation, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the Memorandum Opinion for a complete and accurate statement of its contents.  A.R. 692-98.

311.  The first sentence contains a conclusion of law to which no response is required, but insofar as a response is deemed required, denied.  The remainder of this paragraph contains Plaintiff's characterization and description of the PRRB's decision and testimony during the administrative proceedings to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and the transcript of the administrative proceedings for a complete and accurate statement of their contents.

312.  The first sentence is denied, and Defendant avers that there was an email exchange between Mr. Romano and Mr. Dean on April 23 and April 24, 2003, regarding MedPAR files; the Court is respectfully referred to the email for a complete and accurate statement of its contents. A.R. 1631.  The second sentence contains Plaintiff's characterization and description of certain data produced to Plaintiff under cover letter dated July 29, 2003, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully

-47-

referred to the cover letter for a complete and accurate statement of its contents.  A.R. 2685-88.

313-14.  This paragraph contains Plaintiff's characterization and description of statements made during the administrative proceedings to which no response is required, but insofar as a response is deemed required, denied, and Defendant avers that these statements must be read in their full context; and the Court is respectfully referred to the hearing transcript for a complete and accurate statement of its contents.  A.R. 5788-5804.

315.  The first sentence contains Plaintiff's characterization and description of statements made during the administrative proceedings to which no response is required, but insofar as a response is deemed required, denied, and Defendant avers that these statements must be read in their full context; the Court is respectfully referred to the hearing transcript for a complete and accurate statement of its contents.  A.R. 5788-5804.  The second sentence contains Plaintiff's characterization and description of a subpoena issued to CMS to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the subpoena for a complete and accurate statement of its contents.  A.R. 7105-07.  The third and fourth sentences contain Plaintiff's characterization and description of its discovery requests and CMS's discovery responses to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the administrative record for a complete and accurate description of the discovery proceedings.

316.  The first sentence contains Plaintiff's characterization of a February 7, 2002 subpoena issued by the PRRB to CMS to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to February 7, 2002 subpoena to CMS for a complete and accurate statement of its contents.  A.R. 7105-07.  The second

sentence is denied, and it is averred that CMS timely produced three sets of documents, which included: (i) another copy of the transcript of Dean's 1995 deposition in the St. Louis case; (ii) another copy of the transcript of Rosenberg's 1995 deposition in the St. Louis case; and (iii) printouts of three computer programs that are used to perform the match of MEDPAR and SSI records. A.R. 1310-67. The third sentence contains Plaintiff's characterization and description of certain materials CMS sent to Plaintiff on April 9, 2002, to which no response is required. The fourth sentence is denied, except to admit that CMS later produced additional documents to Plaintiff regarding the subject matter of the administrative proceedings. The fifth sentence is denied.

317. The first sentence is denied, except to admit that the PRRB issued a second subpoena to SSA on February 7, 2002. The second sentence contains Plaintiff's characterization of the February 7, 2002 subpoena to SSA to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the February 7, 2002 subpoena to SSA for a complete and accurate statement of its contents. A.R. 7059-60. The third sentence is Plaintiff's characterization and description of SSA's response (apparently based on a letter from SSA dated May 22, 2002), to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the SSA letter for a complete and accurate statement of its contents. A.R. 7100-03. The fourth sentence contains Plaintiff's characterization and description of a June 21, 2002 letter from the PRRB, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the June 21, 2002 letter for a complete and accurate statement of its contents. A.R. 1386-87. The fifth sentence contains Plaintiff's characterization and description

of statements made by the PRRB Chairman to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the transcript of the administrative proceedings for a complete and accurate statement of the PRRB Chairman's comments.

318.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

319.  The first sentence contains Plaintiff's characterization of one of several letters it sent to SSA on April 11, 2003, to which no response is required, but insofar as a response is deemed required, Defendant SSA admits that a FOIA request was filed with SSA on April 11, 2003, requesting certain Supplemental Security Income information for Medicare Baystate patients for the fiscal years ending 1993-1996, and the Court is respectfully referred to the letters of April 11, 2003, for a complete and accurate statement of their contents.  A.R. 1098-1100; 1102-10; 1112-14.  The second sentence contains Plaintiff's characterization and description of its request to the PRRB for a subpoena to SSA to which no response is required, but insofar as a response is deemed required, Defendant SSA admits that the PRRB issued a subpoena on June 5, 2003, and the Court is respectfully referred to Plaintiff's request of May 28, 2003, for a complete and accurate statement of its contents.  A.R. 1948-52.  The third sentence contains Plaintiff's characterization of a June 5, 2003 subpoena issued by the PRRB to SSA to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB's June 5, 2003 subpoena for a complete and accurate statement of its contents.  A.R. 1985-87.

320.  This paragraph contains Plaintiff's characterization and description of SSA

correspondence and document production to which no response is required, but insofar as a response is deemed required, Defendant SSA admits that it partially responded to the FOIA request of April 11, 2003, by providing the records of certain deceased individuals for the fiscal year 1994, as agreed by the attorneys representing Plaintiff and personnel at SSA processing the FOIA request, and the Court is respectfully referred to the correspondence and documents for a complete and accurate statement of SSA's response.  A.R. 2464-2568; 2570-72.

321.  This paragraph contains Plaintiff's characterization and description of a pre-hearing conference held by the PRRB in June 2003, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the correspondence in the record for a complete and accurate statement regarding the parties' positions as a result of the pre-hearing conference.  A.R. 2166-67; 2173-74; 2185-86; 2188.

322.  This paragraph contains Plaintiff's characterization and description of a pre-hearing conference held by the PRRB on July 28, 2003, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the transcript of the pre-hearing conference for a complete and accurate statement of its contents.  A.R. 2593-2640.

323.  The first sentence contains Plaintiff's characterization of a July 28, 2003 letter from SSA to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the July 28, 2003 letter for a complete and accurate statement of its contents.  A.R. 2642-43.  The second sentence contains Plaintiff's characterization and description of an August 29, 2003 letter from the PRRB to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the August 29, 2003 letter for a complete and accurate statement of its contents.  A.R. 2809-10.  The

third sentence is denied.

324. This paragraph contains Plaintiff's characterization and description of the efforts of the parties regarding data release issues with SSA to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the record of the administrative proceedings for a complete and accurate statement of these efforts.

325. The first sentence contains Plaintiff's characterization and description of its April 30, 2004 petition for "expedited judicial review ("EJR"), to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the April 20, 2004 petition for a complete and accurate statement of its contents. A.R. 6326-6441. The second and third sentences contain Plaintiff's characterization and description of a May 28, 2004 letter from the Board regarding EJR to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the May 28, 2004 letter for a complete and accurate statement of its contents. A.R. 6259-61.

326. The first sentence contains Plaintiff's characterization of a June 2, 2004 letter from the Secretary's counsel to CMS's Attorney Advisor to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the June 2, 2004 letter for a complete and accurate statement of its contents. A.R. 6854-55. The second sentence contains Plaintiff's characterization and description of an Administrator's decision and Plaintiff's written objections to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the Administrator's decision and Plaintiff's "written objections: for a complete and accurate statement of their contents. A.R. 6641-58; 6679-93.

327.  This paragraph contains Plaintiff's characterization and description of a June 10, 2004 letter from the PRRB to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the June 10, 2004 letter for a complete and accurate statement of its contents. A.R. 3449.

328.  This paragraph contains Plaintiff's characterization and description of its June 21, 2004 letter to the PRRB to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the June 21, 2004 letter for a complete and accurate statement of its contents.  A.R. 3451.

329.  This paragraph contains Plaintiff's characterization of a June 21, 2004 letter from the Secretary's counsel to the PRRB to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the June 21, 2004 letter for a complete and accurate statement of its contents.  A.R. 3454.

330.  This paragraph contains Plaintiff's characterization of a June 21, 2004 letter from the PRRB to HHS's Office of General Counsel to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the June 21, 2004 letter for a complete and accurate statement of its contents.  A.R. 6702-05.

331.  The first sentence contains Plaintiff's characterization and description of a July 9, 2004 letter from SSA to the Secretary's counsel and the Hospital to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the July 9, 2004 letter for a complete and accurate statement of its contents.  A.R. 3495-97.  The second sentence contains Plaintiff's characterization of a July 9, 2004 transmittal letter from SSA to CMS's Attorney Advisor to which no response is required, but insofar as a

response is deemed required, denied, and the Court is respectfully referred to the July 9, 2004

transmittal letter for a complete and accurate statement of its contents.  A.R. 3492-93.

332.  This paragraph contains Plaintiff's characterization of its July 12, 2004 letter to the

PRRB to which no response is required, but insofar as a response is deemed required, denied,

and the Court is respectfully referred to the July 12, 2004 letter for a complete and accurate

statement of its contents.  A.R. 3499.

333.  The first and second sentences contain Plaintiff's characterization of a July 29, 2004

Order of the Administrator to which no response is required, but insofar as a response is deemed

required, denied, and the Court is respectfully referred to the July 29, 2004 order for a complete

and accurate statement of its contents.  A.R. 6641-58.  The third sentence contains conclusions of

law to which no response is required.

334.  Admitted.

335.  The first sentence contains Plaintiff's characterization and description of the PRRB

decision to which no response is required.  The second sentence contains Plaintiff's

characterization and description of the PRRB decision and the administrative hearing to which

no response is required.  Insofar as a response to either sentence is deemed required, denied, and

the Court is respectfully referred to the PRRB decision and the hearing transcript for a complete

and accurate statement of their contents.

336.  The first sentence contains Plaintiff's characterization and description of the

decision of the CMS Administrator to which no response is required, but insofar as a response is

deemed required, denied, and the Court is respectfully referred to the decision of the CMS

Administrator for a complete and accurate statement of its contents.  The second sentence is

denied.

337. The first sentence contains Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents. The second sentence is denied.

338. The first sentence contains Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents. The second and third sentences are admitted.

339. This paragraph contains conclusions of law and Plaintiff's characterization and description of testimony at the administrative hearing, the administrative record, and the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the hearing transcript, the administrative record, and the PRRB decision for a complete and accurate statement of their contents.

340. The first sentence is denied. The remainder of this paragraph contains Plaintiff's characterization and description of the PRRB decision and the decision of the CMS Administrator, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and the decision of the CMS Administrator for a complete and accurate statement of their contents.

341. The first sentence contains Plaintiff's characterization and description of the

decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents. The second sentence is denied. The third sentence contains Plaintiff's characterization and description of the PRRB decision to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision for a complete and accurate statement of its contents.

342. This paragraph contains Plaintiff's characterization and description of the PRRB decision and testimony at the administrative hearing, to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB decision and the hearing transcript for a complete and accurate statement of their contents.

343. The first sentence contains Plaintiff's characterization and description of the decision of the CMS Administrator to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the decision of the CMS Administrator for a complete and accurate statement of its contents. The second sentence is denied. See A.R. 5130 (testimony by Shafer that he was employed by plaintiff's counsel's law firm). The third sentence contains Plaintiff's characterization and description of the administrative hearing to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the hearing transcript for a complete and accurate statement of its contents. See A.R. 5197 (testimony by Shafer that he was being paid $200 per hour).

344. The first sentence is denied. The second sentence contains Plaintiff's

characterization and description of the administrative record to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the administrative record for a complete and accurate statement of its contents.

345.  Denied.

346.  Defendants here incorporate their above responses to paragraphs 1 through 345 of the Complaint.  The second sentence contains Plaintiff's characterization and description of the Complaint to which no response is required.

347-348.  These paragraphs contain conclusions of law to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the cited statutory provisions for a complete and accurate statement of their contents.

349.  The first sentence is denied.  The second sentence contains Plaintiff's characterization and description of this action and the Complaint, to which no response is required.

350.  Denied.

351.  The first sentence is denied.  Responding to the second sentence, it is denied that the Secretary has turned a blind eye to the undisputed facts of the case and presumed, "based on the application of mere 'alleged' policy" that the agency's calculation of the SSI fraction is correct when it "undisputably" is not correct.  The third sentence is denied.

352-359.  Denied.

360.  This paragraph contains Plaintiff's prayer for relief to which no response is required, but insofar as a response is deemed to be required, the Defendants deny that Plaintiff is entitled to the relief requested or to any relief at all.

361.  Defendants here incorporate their above responses to paragraphs 1 through 360 of the Complaint.

362.  Denied.

363.  The first and second sentences are denied.  The third sentence contains excerpted language from of a letter dated June 21, 2004 from the PRRB to which no response is required, but insofar as a response is deemed required, denied, and the Court is respectfully referred to the PRRB's letter for a complete and accurate statement of its contents.  A.R. 6702-05.

364.  This paragraph contains Plaintiff's prayer for relief to which no response is required, but insofar as a response is deemed to be required, the Defendants deny that Plaintiff is entitled to the relief requested or to any relief at all.

365.  Defendants here incorporate their above responses to paragraphs 1 through 364 of the Complaint.

366.  This paragraph contains Plaintiff's prayer for relief to which no response is required, but insofar as a response is deemed to be required, the Defendants deny that Plaintiff is entitled to the relief requested or to any relief at all.

367.  Denied.

368-369.  These paragraphs contain legal conclusions to which no response is required, but insofar as a response is deemed to be required, admitted.

370.  Denied.

371.  This paragraph contains Plaintiff's prayer for relief to which no response is required, but insofar as a response is deemed to be required, the Defendants deny that Plaintiff is entitled to the relief requested or to any relief at all.

Defendants hereby deny all allegations of the Complaint not otherwise specifically answered above.

Defendants respectfully requests the Court to enter judgment dismissing this action with prejudice, affirming the validity of the challenged agency action, and awarding Defendants costs and such other relief as the Court may deem appropriate.

Defendant has filed a certified copy of the administrative record.


Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

OF COUNSEL:                              SHEILA M. LIEBER
                                         Deputy Director
DANIEL MERON
General Counsel
                                         **/s/ Lisa A. Olson**
KATHLEEN H. McGUAN                       BRIAN G. KENNEDY
Associate General Counsel                LISA A. OLSON (D.C. Bar #38266)
                                         U.S. Department of Justice
MARK D. POLSTON                          20 Mass. Ave., N.W., Room 7300
Deputy Associate General                 Washington, D.C. 20530
     Counsel for Litigation              Telephone: (202) 514-5633
                                         Telefacsimile: (202) 616-8470
PAUL E. SOEFFING                         E-mail: lisa.olson@usdoj.gov
Attorney

United States Department of
     Health and Human Services

Dated: Nov. 24, 2006                     Counsel for Defendants