UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BAYSTATE MEDICAL CENTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  C.A. No. 06-1263 (JDB) |
| | ) |
| MICHAEL O. LEAVITT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PROPOSED ORDER**

Upon consideration of the parties' cross-motions for summary judgment on Count I of the Complaint, the memoranda in support of the motions, the decisions below, and evidence in the record, it is hereby:

ORDERED that plaintiff's motion be, and hereby is, GRANTED; and it is

FURTHER ORDERED that defendant Leavitt's motion be, and hereby is, DENIED; and it is

FURTHER ORDERED that the decision of the Administrator of the Centers for Medicare and Medicaid Services ("CMS") dated May 17, 2006 be, and hereby is reversed; and it is

FURTHER ORDERED that this matter is remanded to defendant Leavitt who shall, within 180 days of the date of this Order:

      i)      work with the Social Security Administration ("SSA") to develop, test, validate, and document  appropriate data specifications and systems requirements for the production of accurate and complete federal SSI entitlement records, including, but not limited to, active and inactive SSI records, records for individuals who received

manual payments of SSI benefits, records for individuals whose SSI benefits were temporarily on hold or in suspense and were later reinstated, records for individuals whose SSI benefits were granted or reinstated retroactively (adjusting for records of individuals whose SSI benefits were terminated retroactively), records for individuals who received non-cash SSI benefits under section 1619(b) of the Social Security Act, and any other records for individuals who were entitled to cash or non-cash SSI benefits during the periods at issue;

  ii) obtain correct and complete SSI data from SSA for the periods at issue in accordance with i) above;

  iii) develop, test, validate, and document appropriate data specifications and system requirements for production of accurate and complete records for all inpatient hospital days for which Medicare Part A (through the hospital's fiscal intermediary) paid as the primary payor, and excluding all other days, such as Medicare Part A exhausted benefit days, Medicare Secondary Payer days and Medicare HMO days.

  iv) develop, test, validate, and document appropriate data specifications and system requirements for populating inpatient hospital day records identified in iii) above with all relevant data elements, including each individual's own social security number, SSA Title II numbers, HICANs, name, date of birth, gender and such other identifiers as are needed to accurately match the inpatient hospital day records to the SSI entitlement records;

  vi) develop, test, validate, and document appropriate data specifications and system requirements for sequentially matching the SSI data to the inpatient hospital day records using the alternative identifiers identified in iv) above so as

2

to accurately identify all records that match based either on social security numbers, or SSA Title II numbers, or HIC numbers, or HICANs, or names, dates of birth and gender, or such other additional identifiers as are needed to accurately match the inpatient hospital day records to the SSI entitlement records;

      vii)    develop and maintain accurate records of the Medicare/SSI patient days identified as a result of the process described in vi) above;

      viii)    recalculate the plaintiff hospital's SSI fractions for the periods at issue based on the process and procedures developed as required above;

      ix)    provide the plaintiff hospital with all patient-level detail data and the data specifications, systems requirements and programs that defendant Leavitt proposes to use to compute the revised fractions for the years at issue so that the plaintiff will have a reasonable advance notice of, and an opportunity to validate and respond to defendant Leavitt on, the proposed process and the results obtained from that process;

      x)    work with the plaintiff hospital to resolve potential errors identified by the plaintiff;

      xi)    notify the plaintiff hospital of defendant Leavitt's final determination as to the plaintiff hospital's revised SSI fractions for the fiscal years at issue and maintain the records reflecting the inpatient hospital days and the Medicare/SSI counted in those final determinations;

      xii)    pay the plaintiff hospital the additional DSH payments due as result of the recalculations of the SSI fractions for the years at issue, plus interest calculated in accordance with 42 U.S.C. § 1395oo(f)(2); and it is

FURTHER ORDERED that the Court shall retain jurisdiction over this matter and that Secretary Leavitt and the plaintiff hospital shall file status reports with the Court detailing the agency's progress toward compliance with the above requirements every 60 days from the date of this Order until defendant Leavitt has fully and completely complied with those requirements.

_____
United States District Judge