UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BAYSTATE MEDICAL CENTER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:06-cv-01263 |
| MICHAEL O. LEAVITT, et al., | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF MATERIAL FACTS**

Pursuant to Fed. R. Civ. P. 7, defendants hereby move for a thirty-day extension of time within which to respond to plaintiff's motion for summary judgment and statement of material facts, and a corresponding extension of the remaining briefing schedule. Defendants' response is currently due on March 12, 2007.[1]

This is an extremely complicated case with a 133-page complaint and a 23-volume Administrative Record. Plaintiff's 91-page statement of material facts contains 256 paragraphs of allegations, not including subparagraphs, and hundreds of citations to the Administrative Record, various federal publications, the Federal Register, case law, and statutory provisions. Plaintiff's 45-page motion for summary judgment raises at least a dozen separate legal issues involving the highly complex statutory scheme of the Social Security Act. Preparing a response to the two submissions will require defendants to address numerous major provisions of the Act ,

---

[1] Although defendants already obtained two extensions of time to answer the 133-page, 371-paragraph complaint, plaintiff's lengthy submissions and the complicated factual and legal matters raised warrant an extension of time to afford defendants a fair opportunity to respond.

such as Medicare, Medicaid, and Supplemental Security Income (SSI), and their subparts, and to unravel hundreds of factual allegations in conjunction with a 8773-page Administrative record. In doing so, defendants will also need to take into account the allegations in the extremely long complaint.

Defendants have been working diligently to prepare a response that takes into account all of plaintiff's voluminous filings, addressing both plaintiff's arguments and factual assertions and presenting defendants' position on the myriad issues raised by plaintiff. An agreed briefing schedule was entered in this case on December 22, 2006, allowing plaintiff until February 1, 2007, to file its motion. However, the complaint was filed in July 2006, and therefore, plaintiff has effectively had more than six months to plan and prepare its motion and statement of facts. Moreover, plaintiff's counsel has handled this case for the entire administrative proceeding over the past several years, whereas defendants' counsel became acquainted with it for the first time last September. Given the voluminousness of plaintiff's submissions and complexity of this case, as well as its potential effect on future litigation, six weeks is an insufficient amount of time for defendants to respond.

Furthermore, although the Department of Justice has assigned two very experienced and senior counsel to defend this case, it has been largely handled by only one attorney since the filing of plaintiff's brief. The other attorney has had unanticipated scheduling conflicts that erupted in the last few weeks as the result of adverse decisions in two major cases on motions which have, in each case, been pending for more than a year; the need to file a February 16 opposition to a preliminary injunction motion in a third, pre-existing case; and preparations for a recently scheduled March 7, 2007 hearing in a fourth case on already pending cross-motions for

summary judgment.  In addition, a central participant in the case from HHS is in the midst of two weeks of pre-paid executive training in Colorado to which he was committed prior to the entry of the briefing schedule in this case, but which was scheduled afterward and which he was not able to postpone.  Consequently, it will be difficult for defendant HHS to obtain critical input from him while at the height of preparing its response.

     Defendants' request for an additional extension of time of 30 days is reasonable, will not unduly delay this case, and will not prejudice plaintiff.  Plaintiff's counsel has informed defendants' counsel that plaintiff does not oppose an extension of time until March 16, 2007.  For these reasons, defendants' motion for an extension of time should be granted.

                        Respectfully submitted,

                        JEFFREY A. TAYLOR
                        United States Attorney

                        SHEILA M. LIEBER
                        Deputy Director

                        **/s/ Lisa A. Olson**
                        BRIAN G. KENNEDY
                        LISA A. OLSON (D.C. Bar #38266)
                        U.S. Department of Justice
                        20 Mass. Ave., N.W., Room 7300
                        Washington, D.C. 20530
                        Telephone: (202) 514-5633
                        Telefacsimile: (202) 616-8470
                        E-mail: lisa.olson@usdoj.gov
Dated: March 2, 2007           Counsel for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BAYSTATE MEDICAL CENTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-cv-01263 |
| ) | |
| MICHAEL O. LEAVITT, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

ORDER

The Court having considered defendants' motion for an extension of time to respond to plaintiff's motion for summary judgment and statement of material facts, and plaintiff's partial opposition thereto, and good cause having been shown, it is hereby

ORDERED that defendants' motion is granted, and it is further

ORDERED that the December 22, 2006 briefing schedule is extended by 30 days as follows:

1. Defendants' cross-motion for summary judgment on Count I, opposition to plaintiff's motion for summary judgment, and response to plaintiff's statement of material facts shall be filed by not later than April 11, 2007.

2. Plaintiff's opposition to defendants' motion for summary judgment and reply in support of its motion shall be filed by not later than May 18, 2007.

3. Defendants' reply memorandum in support of defendants' motion for summary judgment shall be filed by not later than June 18, 2007.

                                                                    _____  
                                                                    JOHN D. BATES  
                                                                    United States District Judge

Dated: _____, 2007