UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BAYSTATE MEDICAL CENTER,            ) | |
|                                      ) | |
|         Plaintiff,                   ) | |
|                                      ) | |
| v.                                   ) | C.A. No. 06-1263 (JDB) |
|                                      ) | |
| MICHAEL O. LEAVITT, *et al.*,        ) | |
|                                      ) | |
|         Defendants.                  ) | |

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR EXTENSION OF TIME**

Plaintiff Baystate Medical Center ("Plaintiff" or "Baystate") hereby opposes Defendants' Motion for Extension of Time to Respond to Plaintiffs' Motion for Summary Judgment and Statement of Material Facts ("Motion"). Defendants have already had multiple extensions of time, with Plaintiff's concurrence, but plainly have not used that time to engage the issues that require resolution in this case, issues that have been identified clearly for many months in this Court, and for years before at the agency level. The basic question in this case is and has always been whether the Secretary of Health and Human Services (Defendant Leavitt, or the "Secretary") can lawfully refuse to correct undisputed errors in his agency's calculations under the Medicare Act. It is long past time for the Secretary to make his case if he can, and for this question to be resolved.

This Opposition is based in particular on the following grounds:

1.      The Complaint in this case was filed and served on July 14, 2006. Although mere notice pleading would have been sufficient under the rules, as Defendants acknowledge, Baystate elected to file a thorough, carefully detailed exposition both of the administrative record and of

Baystate's principal legal arguments. That was an expensive, painstaking process. We did it with the hope and expectation that this case, long delayed at the agency level, could move forward expeditiously in this Court and that our efforts would facilitate, at long last, a prompt and meaningful engagement of the issues by the Defendants. In particular, by giving Defendants an early preview of the summary judgment motion now pending – something Baystate did not have to do -- we hoped to avoid the delays that Defendants now seek to impose with their Motion. Yet Defendants now chastise Baystate for the length and detail of its Complaint, repeating many of the very same assertions they made (about the length of the Complaint and administrative record, etc.) to secure multiple extensions of their Answer date with Baystate's concurrence.

2. Indeed, with Plaintiff's consent, Defendants took two extensions and over *four months* to answer the Complaint, on November 24, 2006. With the filing of that response, Defendants and their attorneys should have addressed and formulated a position on each and every one of the factual and legal assertions contained in the Complaint, and certainly should have reviewed the administrative record in the process of deciding to admit or deny Baystate's allegations. Yet Defendants want still more time to "unravel" the administrative record and "take into account the allegations in the extremely long complaint." Motion at 2. Those basic tasks should have been completed months ago.

3. After Defendants answered, this Court promptly ordered the parties to agree on a briefing schedule for dispositive motions. Baystate proposed to commence the briefing in mid-January, with 30-day intervals between briefs. Defendants wanted more time, and again, Baystate accommodated them. We agreed to commence briefing two weeks later, on February 1,

2007, and permitted Defendants approximately six weeks to oppose Plaintiff's motion for summary judgment and cross-move if they so chose.

4. Baystate's Motion for Summary Judgment, by agreement, addressed only one of the three counts pled in its Complaint, the cause of action for judicial review of the decision rendered in this case by the Administrator of the Secretary's agency, the Centers for Medicare and Medicaid Services ("CMS"). The motion and supporting statement of material facts track the record evidence and legal arguments already described over six months ago, in detail, in Baystate's Complaint. There is nothing new here – nothing to justify extending the already extended briefing schedule that *the Secretary* requested. Moreover, at substantial time and expense, Baystate vastly simplified Defendants' task in responding, including citations to the administrative record that are more detailed and extensive than the rules would require to support a summary judgment motion.

5. The Secretary and his attorneys thus have known for many months precisely what to expect in this case, and have had ample opportunity to staff the case appropriately to meet their agreed obligations. Now, however, having already consumed the 30 days that a party typically gets to respond to a summary judgment motion, and with still a week to go before their agreed deadline, Defendants come to the Court with protests that they are busy with other work, that Baystate's motion is lengthy and "complex," and that an agency representative with responsibility for the case is going to be out of town on other business during the time remaining to respond to the motion. None of this justifies giving the Secretary what will amount to two and a half months to answer a dispositive motion.

6. This case is not complex. Baystate's brief is 45 pages long, as permitted by the rules. The underlying administrative record was compiled long ago and has already been sifted at least three times – once by the Provider Reimbursement Review Board (in a 43-page decision following a full evidentiary hearing), once by the CMS Administrator in reversing the Board (in a 55-page decision preceded by extensive letter briefing on both sides), and once again when Defendants answered Baystate's detailed Complaint some three months ago (in a 59-page pleading and statement of affirmative defenses). The record has not changed since then. Indeed, this is an action for review of an agency decision. It proceeds on the basis of a predetermined administrative record, so there is no additional factual investigation that the Secretary must do or indeed can do before he responds to Baystate's motion. As it happens, there are very few factual disputes remaining, and none of them are of any significance now. The Secretary will be defending here, not on the facts, but on the basis of a handful of legal arguments known to both sides since May 2006, when the CMS Administrator issued the decision now under review. The Secretary, again, has already had an exceptionally long period of time to figure out how to substantiate those defenses if he can. The legal issues are no more complex than all the usual issues that the Court is used to addressing every day in agency litigation – contrary to the Secretary's suggestion, there is no "Medicare Exception" to the prompt and orderly disposition of matters before this Court.

7. This case was already delayed for years at the agency level before it finally proceeded to decision and became ripe for this Court's review, with CMS resisting basic discovery at every turn and continuing the hearing several times between 2000 and 2004, when it finally occurred. So, when the case did reach this Court, Baystate took every step available to assure that the case stayed on track, including (1) filing especially detailed pleadings so that the

issues would be clearly defined for Defendants and the Court at the outset and (2) agreeing to a much-relaxed schedule, extending every professional courtesy precisely so that Defendants would not feel the need to delay the case even further with motions for extension like this one. Enough.  Defendants have had a leisurely amount of time to come to terms with the issues in this case.  Their basis for further extension amounts to nothing more than a plea that they have busy lawyers and, like all busy lawyers, those lawyers have other cases to tend.  That does not justify two and a half months for a response to a summary judgment motion that was previewed for them six months ago, nor does it justify excusing Defendants from the extended briefing schedule they themselves requested and should have planned to observe.

8.     Nonetheless, as yet one more professional courtesy, Baystate offered to give Defendants a few more business days to respond, until March 16, 2007.  Given all that has occurred thus far in the case, it is simply unfair for Defendants to ask for more – not 30 days, not two weeks, not even one week would be justified at this point.  We urge the Court to hold Defendants to their schedule, and to deny their Motion.

        Respectfully submitted,


        <u>/s/ John M. Faust</u>
        Christopher L. Keough
         DC Bar No. 436567
        John M. Faust
         DC Bar No. 433553
        Stephanie A. Webster
         DC Bar No. 479524
        VINSON & ELKINS L.L.P.
        1455 Pennsylvania Avenue, N.W.
        Suite 600
        Washington, D.C.  20004-1008
        (202) 639-6500 (phone)
        (202) 639-6604 (fax)

        Counsel for Plaintiff

March 5, 2007

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of March, 2007, I electronically filed the foregoing Plaintiff's Opposition to Defendants' Motion for Extension of Time with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record for the Defendants:

>LISA A. OLSON
>U.S. Department of Justice
>20 Massachusetts Avenue, N.W.
>Room 7300
>Washington, D.C. 20530

>/s/ John M. Faust
>Counsel for Plaintiff